**FILED**
**Mar 20, 2019**
**10:58 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **DANNY APPLETON,** | ) | **Docket No. 2018-08-1011** |
| **Employee,** | ) | |
| **v.** | ) | |
| **KELLOGG COMPANY,** | ) | **State File No. 13236-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| **OLD REPUBLIC INSURANCE CO.,** | ) | **Judge Deana Seymour** |
| **Carrier.** | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

Danny Appleton requested additional medical and temporary disability benefits for a back injury. Kellogg Company insisted it paid all benefits to which he is entitled. The Court considered the issues at an Expedited Hearing on March 6, 2019, and holds Mr. Appleton is not entitled to additional benefits at this time.

### History of Claim

Mr. Appleton injured his low back when he tried to open a surge bin on February 16, 2018. Kellogg sent him to an urgent care clinic. He was diagnosed with low-back pain and placed on light-duty restrictions for two days.

When Mr. Appleton's symptoms did not resolve, Kellogg sent him for additional treatment with Dr. Lloyd Robinson. Dr. Robinson diagnosed him with low-back pain, ordered therapy, prescribed medication, and placed him on light duty. He also ordered an MRI and referred Mr. Appleton to an orthopedist.

Kellogg provided a panel of physicians from which Mr. Appleton selected Dr. John Brophy. Dr. Brophy diagnosed lumbar myofascial pain associated with pre-existing

1

minimal Grade 1 spondylolisthesis with bilateral pars defects.[1] He placed Mr. Appleton on restricted duty and recommended progressing to a home exercise program with anti-inflammatories. Dr. Brophy noted that "if his symptoms fail to improve with the exercise program, the presumption is that the lack of improvement is related to his L5-S1 pre-existing spondylolisthesis and pars defects" and "would be more appropriately handled through his personal insurance[.]" He completed a Final Medical Report, indicating that Mr. Appleton reached maximum medical improvement for his work injury on May 25, 2018, and could return to unrestricted work. Dr. Brophy did not anticipate the need for future medical treatment and concluded that the injury did not result in permanent impairment. Based on this opinion, Kellogg filed a Notice of Controversy, stating that Mr. Appleton's "[i]njury/pain to lower back [was] not causally work related but due to [a] pre-existing condition."

After receiving Kellogg's Notice of Controversy, Mr. Appleton began treating on his own with Dr. Ashley Park. Dr. Park recorded, "[a]fter a close review of this case, it is clearly apparent that Mr. Appleton's onset of low back pain can be directly attributed to circumstances which [sic] occurred in the workplace on 02/16/2018. Although he has received conservative care, I do not believe it has been optimal." Dr. Park restricted Mr. Appleton to a five-day workweek and ordered diagnostic medial branch blocks to the bilateral L4-5 and L5-S1 facets. He also recommended that Mr. Appleton wear a lumbar corset during physical activity.

On January 24, 2019, Dr. Park indicated Mr. Appleton's work injury resulted in low-back pain, due *in part* to a facet capsular sprain, which responded well to medial branch blocks of the lumbar facets. Dr. Park also noted that Mr. Appleton requested a return to full-duty work and that Mr. Appleton would contact him as to his condition once he attempted unrestricted work.

At the hearing, Mr. Appleton urged the Court to reject Dr. Brophy's causation opinion since Dr. Brophy only evaluated him once. He relied on Dr. Park's medical records as to causation and to show the treatment he underwent after Dr. Brophy placed him at MMI.

Kellogg countered that it accepted this claim and provided benefits until Dr. Brophy released Mr. Appleton at MMI with no further treatment under workers' compensation. It argued that Dr. Brophy related ongoing symptoms to Mr. Appleton's pre-existing back condition, which should be covered by his personal insurance. Kellogg also contended that Dr. Brophy's opinion is given a rebuttable presumption of correctness on the issues of causation and medically necessary treatment.

---

[1] The MRI findings "appeared chronic in age."

**Findings of Fact and Conclusions of Law**

At an Expedited Hearing, Mr. Appleton must provide sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Specifically, resolution of the present issue turns on whether Mr. Appleton's current condition is related to his work injury of February 16, 2018.

An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed "more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(13)(B) (2018). Medical evidence is generally required to establish a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *See Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10-12 (May 18, 2017). The Court holds this is not an obvious, simple and routine case, and medical evidence is required to establish a causal relationship.

Under Tennessee Code Annotated section 50-6-102(14)(E), "[t]he opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Further, it is well established that a "trial judge has the discretion to determine which testimony to accept when presented with conflicting expert opinions." *Bass v. The Home Depot U.S.A., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9-10 (May 26, 2017) (internal citations omitted). When there are conflicting medical opinions, "the trial judge must obviously choose which view to believe. In doing so, [the trial judge] is allowed, among other things, to consider the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts." *Brees v. Escape Day Spa & Salon*, 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at *14 (Mar. 12, 2015).

In this case, the Court finds that Dr. Brophy is the treating physician selected by Mr. Appleton from Kellogg's designated panel. Thus, his opinion on causation is presumed correct. Dr. Brophy determined that if Mr. Appleton's symptoms did not improve by May 25, 2018, "the lack of improvement is related to his L5-S1 pre-existing spondylolisthesis and pars defects."

Dr. Park noted that Mr. Appleton's work injury resulted in his low-back pain and that Mr. Appleton suffered, in part, from a facet capsular sprain, which responded well to medial branch blocks to the lumbar facets.

The Court finds both opinions reasonable. However, after careful consideration, the Court holds the opinion of Dr. Brophy, which is entitled to the statutory presumption

of correctness, prevails. Dr. Brophy reviewed the medical records, analyzed the MRI, thoroughly examined Mr. Appleton and attributed his ongoing complaints to his pre-existing spondylolisthesis and pars defects, not the low-back injury. The Court finds this presumption was not rebutted by a preponderance of the evidence. Therefore, based upon the evidence and the applicable legal principles, the Court holds Mr. Appleton failed to satisfy the burden of proving he would likely prevail at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Appleton's claim against Kellogg for the requested medical and temporary disability benefits at this time.

2. Dr. John Brophy shall remain the authorized treating physician under Tennessee Code Annotated section 50-6-204 for reasonable and necessary medical treatment related to Mr. Appleton's February 16, 2018 injury.

3. This matter is set for a telephonic Scheduling Hearing on **May 20, 2019, at 10:00 a.m. Central Time.** You must call toll-free at **866-943-0014** to participate in the hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED March 20, 2019**.

_____
**Deana C. Seymour, Judge**
**Court of Workers' Compensation Claims**

4

## APPENDIX

**Technical record:**

TR1. Petition for Benefit Determination
TR2. Dispute Certification Notice
TR3. Request for Expedited Hearing, along with Affidavit of Danny Appleton
TR4. Employer's Pre-Hearing Brief for Expedited Hearing, with attachments

**Exhibits:**

1. Employer Medical Records Table of Contents
2. Medical Records Submitted by Employee
3. Agreement Between Employer/Employee Choice of Physicians, selecting Dr. John Brophy

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on March 20, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Danny Appleton, Self-Represented Employee | | | X | dannyappleton11@att.net |
| Thomas Smith, Employer's Attorney | | | X | tsmith@spicerfirm.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

**Employee** _____

v.

**Employer** _____

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

### List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                   RDA 11082